**No. 24-3092**                         **September Term, 2024**

1:23-cr-00257-TSC

Filed On: September 25, 2024

In re: Sealed Case,

       **BEFORE:**     Millett, Pillard, and Pan, Circuit Judges

**O R D E R**

     Upon consideration of the petition for writ of mandamus and the supplements to the petition; the motion for leave to file an amended petition for writ of mandamus and the lodged, amended petition; and the motion to seal, it is

     **ORDERED** that the motion for leave to file an amended petition for writ of mandamus be granted. The Clerk is directed to file the lodged, amended petition. It is

     **FURTHER ORDERED** that the amended petition for writ of mandamus be dismissed as moot. Petitioner seeks a writ of mandamus ordering the district court to docket and rule on motions he filed pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, in United States v. Trump, No. 1:23-00257. On August 6, 2024, however, the district court docketed and ruled on petitioner's motions by denying him leave to file and stating that he had not shown that he qualifies as a victim as defined in the CVRA. Accordingly, there is no longer an actual, ongoing controversy for this court to resolve. See Trump v. Mazars USA, LLP, 39 F.4th 774, 785 (D.C. Cir. 2022). It is

     **FURTHER ORDERED** that the motion to seal be denied. Appellant's arguments based on the factors identified in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980), do not overcome the strong presumption in favor of public access to judicial proceedings in this case. See EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996). The Clerk is directed to unseal the record in this case.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.

                                                  **Per Curiam**