Docket No. 24-_____

# The United States Court of Appeals
### for the District of Columbia Circuit

**In re Sealed Petition of the Honorable Peter J. Wirs**
**re Motion for Relief under the Crime Victims Relief Act**
in *United States of America v. Donald J. Trump*
1:2023-cr-00257-TSC

### PETITION FOR WRIT OF MANDAMUS PURSANT TO THE CRIME VICTIMS RELIEF ACT, 18 U.S.C. § 3771(d)(3)

NOW COMES The Honorable Peter J. Wirs, Petitioner pursuant to the Code of Conduct for U.S. Judges, Canons 2A, 3B(6), ("Code of Conduct"); Crime Victims Relief Act ("CVRA"), 18 U.S.C. § 3771(d)(3); Fed.R.Crim.P. 16(d)(1) and 60(b)(2), who respectfully petitions this Court for Writ of Mandamus for assertion of CVRA rights under 18 U.S.C. § 3771(a), and in support thereof, avers as follows:

1. Petitioner has the absolutely clear and indisputable right to enforce CVRA rights by filing a motion pursuant to 18 U.S.C. § 3771(d)(3) and Fed.R.Civ.P. 60(b)(2), which by violating Fed.R.Crim.P 57, the district court enforces an unwritten practice inconsistent with statutes or Federal Rules —adjudicating whether to grant leave to file a CVRA motion.

### I. The Facts.

2. In a prior Petition on this matter, docketed at 24-3083, this Court stated, albeit in dictum, "that the district court will act as promptly as its docket permits," June 27, 2024 Slip op. ¶ 3. [The panel summarily denied relief by misapprehending dispositive law, reiterated by the Supreme Court Legal Counsel and this Court in a prior ruling in this case that the district court retains jurisdiction over non-trial merit matters during an interlocutory appeal.] The following day, the Supreme Court handed down *Trump v. United States*, 603 U.S. \_\_\_, 2024 WL 3237603 (2024) ("*Trump II*") and remanded jurisdiction.

1

3. Petitioner proceeds to file an amended CVRA motion Monday, July 8, 2024, incorporating by reference the original April 2, 2024 and Amended June 13, 2014 CVRA Motions.

4. Petitioner then personally calls upon the District Court Clerk ("Clerk") later on Monday July 8 to confirm the Motion is docketed.

5. The Clerk instructs Petitioner that it is the (unwritten) practice that judges must grant leave for non-parties to file motion in a criminal proceeding.

6. The Clerk obligates Petitioner by confirming the CVRA motion was referred to Chambers via email at 11:27 AM, Monday, July 8, to establish the "clock" under 18 U.S.C. § 3771(d)(3). But as of Thursday, July 10, 2024 no response.

## II. Petitioner's Clear and Indisputable Right for CVRA Relief.

7. This Court reiterated in no uncertain terms that crime victims have rights per CVRA which court has corresponding duty to enforce. *United States v. Monzel*, 395 U.S.App.D.C. 162, 168, 641 F.3d 528, 534, (2011) (GINSBURG, ROGERS and Griffith, JJ).

### A. District Court Violates Fed.R.Crim.P. 57.

8. The district court's contention that leave is required for non-parties to file motions is soundly rejected in *United States v. Thompson*, 2022 WL 841178 (W.D. Wash. March 21, 2022), the court stating the obvious logic that:

> "defendant points to no authority supporting the proposition that [the victim] was required to obtain leave of the Court prior to filing its CVRA motion. Given that the CVRA explicitly authorizes victims to file motions in the district court to assert their rights, see 18 U.S.C. §§ 3771(d)(1), (3), the Court will not strike [victim's] letter and motion on this ground."

9. As has been repeatedly asserted, CVRA "vests standing to vindicate their rights as victims under the CVRA [ ] in the judicial context of the pending criminal prosecution. *United States v. Rubin*, 558 F.Supp.2d 411, 417 (E.D.N.Y. 2008).

10. Moreover, there is no authority that a local court rule, standing order, or practice, can contravene the Federal Rules of Criminal Procedure, specifically Fed.R.Crim.P. 60(b)(1)-(2) and (4) or Congressional statute, instantly CVRA. 18 U.S.C. §§ 3771(d)(3).

11. To the contrary, Fed.R.Crim.P. 57 expressly prohibits a judge from regulating practice not in a matter consistent with governing law, the Federal Rules of Criminal Procedure or the duly adopted local district court rules.

12. Neither CVRA or Fed.R.Crim.P. 60 grants the district court any such discretion.

13. That it is so well-settled that local practice cannot contradict Federal Rules or statute requires no citation of decisional authority.

### B. District Court Violates 18 U.S.C. § 3771(d)(3) and *Dickerman*.

14. Petitioner pointedly insisted Monday that the Clerk "start the 24-hour clock" by emailing to all on the Service of Process List confirmation that the Clerk "forwarded" the CVRA Motion to Chambers.

15. The Clerk's email was transmitted at 11:27 AM, Monday.

16. As of 11:27 Tuesday, July 9, 2024, there has been no response or ruling.

17. "Forthwith" means action which is immediate, without delay, prompt, and with reasonable dispatch. *City of New York v. McAllister Bros., Inc.*, 278 F.2d 708, 710 (2d Cir. 1960) citing citing *Dickerman v. Northern Trust Co.*, 176 U.S. 181, 93, 20 S.Ct. 311, 315, 44 L.Ed. 423 (1900) ("forthwith" in matters of practice and pleading is usually construed as within 24 hours and means immediately without delay or as soon as the object may be accomplished).

18. "In both normal and legal parlance, the word 'immediate' means '[o]ccurring without delay.'" *Citadel Securities LLC v. SEC*, 458 U.S.App.D.C. 268, 277, 45 F.4th 27, 36 (2022) (WALKER, RAO, JJ, and SENTELLE, Sr. J.).

### C. District Court Ignores and Disobeys the Opinion.

19. Unfortunately, the prior Panel elected to assert its authority via dictum that the district court would comply with 18 U.S.C. § 3771(d)(3) at the appropriate time.

3

20. But the district court is ignoring the Panel's opinion. This the district court cannot do. *Nixon v. Richey*, [168 U.S.App.D.C. 172, 178, 513 F.2d 430, 436](#) (1975):

> "Manifestly, [the district court judge] was obligated to abide any decision we might render on the petition for mandamus. "(A) lower court is bound to respect the mandate of an appellate tribunal; "it "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of (the) court deciding the case." That we did not issue a writ of mandamus is beside the point. Our opinion set forth our views, the courses we held indicated, and why we deemed a writ unnecessary." (Footnotes omitted).

### D. Law Clerks Violate 18 U.S.C. § 3771(a)(7), Judicial Employees Code.

21. This Court will agree with Petitioner that given the district court judge's a laudable integrity and exemplary presiding over what is an extraordinary case — evident her astute legal acumen — this issue arises through no fault of her.

22. Instead, the reasonable inference is a well-meaning law clerk seeks to shield the judge's heavy caseload from what the clerk perceives as some crank matter.

23. Nonetheless, treating Petitioner as an interloper and the CVRA Motion as frivolous violates:

    [1]  18 U.S.C. § 3771(a)(7) (victims be treated fairly and with dignity).

    [2]  [Code of Conduct for Judicial Employees](#), Canon 3A and Canon 3C(2) (requiring adherence to law and prohibiting favor for any litigant).

### E. Violations Inexcusably Favors Defendant and Prejudices Government.

24. Failure to give proper deference to Petitioner's expertise in this controversy is both inexcusable and inflicts immeasurable prejudice on the Government.

25. The Government has repeatedly asserted the public's right for disposition of the criminal case *before* November 5, 2024, Election Day. 2023 WL 8542963 at *9.

26. But only Petitioner can readily bring such objective to fruition *before* Election Day, 2024 per his authority under [Fed.R.Civ.P. 66](#).

27. Furthermore, per *Trump II*, 2024 WL 3237603 *20 n. 3, the District Court's failure to comply with 18 U.S.C. § 3771(d)(3) confers an extraordinary favor to Defendant, by prejudicially interfering with the Government's prosecutorial objective to present the jury an "integrated picture" to demonstrate the "gravity of the conduct and why each (official and unofficial) step occurred." 2024 WL 3237603 *39, citing Government's *Trump II* Brief at 46.

### III. Yes Virginia, *United States v. Trump* Has Crime Victims.

28. TRUMP is inflicting direct and proximate harm. *Anderson v. United States*, 417 U.S. 211, 224-226, 94 S.Ct. 2253, 2262-2263, 41 L.Ed.2d 20 (1974).

29. CVRA requires examining the offense to "determine the harmful effects the offense has on parties."*United States v. Giraldo-Serna*, 118 F.Supp.3d 377, 383 (D.D.C. 2015), and may consider all related Federal crimes. 18 U.S.C. § 3771(e); *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014).

### A. *Trump*'s Conspiratorial Motive.

30. It is critical to recognize the Indictment's Conspiracy is but a subsidiary of a Master Conspiracy, with an overarching objective as explain by Main Justice itself, Richard C. Pilger, ed, *Federal Prosecution of Election Offenses* 2 (8th ed, 2017) ("when election crime exists, public corruption [ ]is also usually present [ ] driven by a motive to control governmental power for some corrupt purpose").

31. Main Justice recognizes this per its intended Case-in-Chief to demonstrate to the jury the "integrated picture" 2024 WL 3237603 *39, of:

    [1] The Indictment's *Fake Presidential Elector Slate* Conspiracy, violating, 18 U.S.C. § 241 to "have false votes cast and thereby to injure the rights of all voters." *Anderson*, 417 U.S. at 224-226, 94 S.Ct. at 2262-2263;

    [2] Which success is aided by TRUMP's conspiracy to impede or injure Petitioner while attempting to perform his judicial duties violating 18

5

U.S.C. § 372, via a subsidiary *Fulbright* Conspiracy (filing false, fictitious, and fraudulent legal documents against a Federal official);

[3] Which is also to frustrate the Special Counsel's prosecution of TRUMP in the Indictment's conspracy. 28 CFR § 600.4(a).

32. Both are but subsidiary conspiracies of a Master *Voter Suppression* Conspiracy, of a course of conduct which TRUMP and others are perpetrating in violation of 18 U.S.C. §§ 241, 245(b), and the Civil Rights Act of 1957, 52 U.S.C. § 10101(b).

### IV. CVRA Conferral Rights are Mandatory, Not Directory.

33. CVRA guarantees victims the reasonable right to confer with the prosecutor, 18 U.S.C. § 3771(a)(5), "'applies broadly' to any critical stage or disposition of the case." *United States v. Heaton*, 458 F.Supp.2d 1271, 1273 (D. Utah 2006). The Conferral Right is intertwined with the Right to be treated with fairness and dignity. 18 U.S.C. § 3771(a)(8). "It is hard to begin to understand how a victim would be treated with fairness if the court acted precipitously [ ] without even troubling to consider the victim's views." *Id.* 458 F.Supp.2d at 1272.

34. Yet, it has been long concluded that CVRA Conferral Rights are found "difficult to enforce [notwithstanding] public officials who disregard victims' procedural rights may [ ] run afoul of ethical rules." Markus Dirk Dubber, *The Victim in American Penal Law: a Systematic Overview,* 3 Buff. Crim. L. Rev. 3, 23 (1999).

35. To date, at no time has any court heard victims' view in this case.

36. Only the Chief of Staff and Associate Deputy Attorney General Andrew J. Bruck has been diligent in acknowledging Petitioner's standing.

37. All other DOJ personnel have, if anything, merely satisfice.[1]

---

[1] David Hricik and Karen J. Sneddon, *Screen Time: Legal Documents in the Digital Age*, 38-SUM Del. Law. 14, 15 (2020) (screen readers browse and skim; not focusing to the same degree if reading printed text); Mary Beth Beazely, *Writing (and Reading) Appellate Briefs in the Digital Age*, 15 J.App.Prac. & Process 47 (2014)

38. Conferral Rights "is a victim's only avenue to exercising" all other CVRA rights. Lauren K. Cook, *A Victim's Right to Confer Under the Crime Victim's Rights Act*, 43 CAMPBELL L. REV. 543, 559 (2021) (citations omitted).

### VI. The Compelling Equitable Grounds Cannot Be Disputed.

39. Although being the "Calvary" coming to the district court's rescue, his judicial ethics counsel instructs Petitioner such explanation must be originate with Main Justice at its' discretion.

40. This is to ensure the highest degree of propriety for both this Court and Petitioner. *See* Code of Conduct Canon 2A & cmt., cf. *In re Cummings*, 292 P.3d 187, 191 (Alaska 2013); *In re Diamond*, 214 N.J. 514, 70 A.3d 600 (2013).

41. Ethics counsel underscores the necessity compliance of not only CVRA, 18 U.S.C. § 3771(a)(5), but also:

    [1] Main Justice, 28 U.S.C. § 530B. Re D.C. R.P.C. 3.2; and

    [2] Petitioner, Code of Conduct, Canon 3A(5) cmt (duty to cooperate with other judges for prompt disposition of court business).

---

(satisficing gives litigants the short shift, believing reading is a waste of time).

A prime example is what the April 2, 2024, CVRA motion feared Main Justice lost a Draft Prosecution Memo DOJ required Movant to submit. Subsequently it was discovered Main Justice relied on a *two-year-old*, outdated version of this memo to justify its April 8, 2024 Closed File Letter. This is an unequivocally satisficing, by Main Justice contending because of statutes of limitations, the case "non-prosecutable." Such a conclusory statement is untenable upon any reasonable reading of the facts.

In the interest of candor to the tribunal, the Draft Prosecution Memo entailed a separate Master RICO conspiracy underway within PA's Unified Judicial System, the nexus with the Indictment is the *Fulbright* Conspiracy masterminded by one of Defendant's co-conspirators, *who also*, as admitted in published interviews, originated the Indictment's *Fake Presidential Elector* conspiracy. Another Defendant's co-conspirator executed the *Fulbright* conspiracy and also represented Defendant in post-election litigation; his in-court confession there was no election fraud made national headlines, e.g. *The Washington Post* (Nov. 11, 2020).

### A. The Court Cannot Refuse to Ignore the 300 lb. Gorilla.

42. This is not some run-of- mill discussion. Given the Supreme Court's instructions, this matter's gravity is extraordinary. *United States v. U.S. District Court*, 444 F.2d 651, 664 (6th Cir. 1971) ("It is the historic role of the Judiciary [ ] in periods of crisis, when the challenge to constitutional freedoms is the greatest, the Constitution of the United States remains the supreme law").

43. Main Justice itself, concedes it has pledged to pursue election crimes "to restore to the people the right to govern themselves without dealing with a stacked deck." Richard C. Pilger *Federal Prosecution of Election Offenses* at 200.

44. But to date, only one Federal judge has dared say in public, what other judges obviously are saying in private. *A.C. v. Raimondo*, 494 F.Supp.3d 170, 176-181 (D.R.I. 2020) (discussing how TRUMP is threatening democracy).

### B. Court Cannot Violate CVRA by Ignoring Petitioner's Expertise

45. A visceral reading may infer Petitioner as fanciful. *In re Fried*, 161 F.2d 453, 462 (2d Cir. 1947 (Jerome Frank's analysis on judicial disbelief occurs).

46. But such thinking not only violates CVRA denying Movant the right to fairness and respect, 18 U.S.C. § 3771(a)(8), but ignores Jerome Frank's admonition in *Perkins v. Endicott Johnson Corp.*, 128 F.2d 208, 221 (2nd Cir. 1942) reiterating Justice Holmes's acknowledgment in *Chicago, B. & Q. Ry. Co. v. Babcock*, 204 U.S. 585, 598, 27 S.Ct. 326, 329, 51 L.Ed. 636 (1907) that:

    that judges and lawyers should "recognize [their] inferiority to those who are specialists, possessed of trained intuition [because] the value of the specialist is that dealing with a selected area of experience, he is able to make inferences quickly [and] with more accuracy."

47. As conscientious as they may be, Main Justice's attorneys are not political scientists.[2]

---

[2] This lack of expertise is demonstrated by, i.e., Justices Alito (April 25, 2024 Sup. Ct. Oral Argument tr. at 111) and Justice Jackson (*id.* at 173-176) coupled with

48. Petitioner, due his expertise in the "law of the shop," *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 57–58, 94 S.Ct. 1011, 1024, 39 L.Ed.2d 147 (1974), as did all other political authorities, easily foresaw TRUMP's acts.[3]

## B. The Court Can Easily Avoid Unnecessary Delay.

49. CVRA also requires victims' "right to proceedings free unreasonable delay" 18 U.S.C. § 3771(a)(7), see also ABA Standards for Criminal Justice 12-3.1.

50. Main Justice's objective this case be brought to trial *before* Nov. 5, 2024 Election, Special Counsel *Trump* No. 23A745 Brief at p. 9, can be accomplished because of Petitioner's authority under Fed.R.Civ.P. 66, to act *ex aequo et bono*.[4]

---

Main Justice's inability to respond, groping to articulate what Movant and all other experts instantaneously know as "Institutional Forbearance." *Raimondo*, 494 F.Supp.3d at 176. This lack of understanding seeps into the Supreme Court's decision. 2024 WL 3237603 i.e., at *24 (fear the Presidency "cannibalizes" itself out fear of prosecution by successors). *Trump II* glosses over the fact that it is TRUMP who razes these Constitutional norms. *Raimondo*, 494 F.Supp.3d at 176-178.

[3] Specialists, i.e. arbitrators and receivers, bring "greater resources, expertise, and access to evidence in order to develop factual findings, [which] federal courts are poorly situated to second-guess," *Gold Reserve v. Bolivarian Republic of Venezuela*, 146 F.Supp.3d 112, 130 (D.D.C. 2015); which courts and attorneys "cannot hope to approximate the practical wisdom distilled from 30 or 40 years of experience." *Merit Ins. Co. v. Leatherby Ins. Co.*, 714 F.2d 673, 679 (7th Cir.1983), by reason of experience, Movant better understands the norms and consequences of proposed decisions. *Perkins*, 128 F.2d at 221; *Sphere Drake Ins. v. All American Life Ins.*, 307 F. 3d 617, 620 (7th Cir. 2002) That this matter deals "institutional destabilization," see e.g., Charles F. Sabel & William H. Simon, *Destabilization Rights: How Public Law Litigation Succeeds*, 117 Harv.L.Rev. 1015, 1062 (2004); requires greater expertise. Liat Weingart, *Receiverships in the Prison Litigation Context: Factors Necessary for an Effective Judicial Remedy of Last Resort*, 9 Cardozo Pub. L. Pol'y & Ethics J. 193, 234-236 (2010). Petitioner comprehensively explained TRUMP's misconduct resulting in the Nation's "institutional meltdown." *Democratic Nat. Comm. v. Republican Nat. Comm.*, 2018 WL 7568871 *188-*189 (June 6, 2018, Wirs Arb.).

[4] As noted, Movant, as Art. III inferior officer, *Trinh v. Fineman*, 9 F.4th 235, 238 (3d Cir. 2021), is a Judge Pro Tempore, *Isidor Painwonsky Assoc. Inc. v. Sharp Properties*, 1990 WL 303427 *4 (D.C.V.I. April 6, 1990), specifically a receiver under

9

### C. The District Court Must Protect Victims from the Accused.

51. CVRA's right "to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(5), includes being re-traumatized. *Ariz. Attorneys for Criminal Justice v. Ducey*, 638 F.Supp.3d 1048, 1067-1068 (D.Ariz.) (construing state statute).

52. Election crimes warrants "prompt and effective redress." *Federal Prosecution of Election Offenses* at 50. *Raimondo* demonstrates such threats. 494 F.Supp.3d at 176. The court is duty-bound today, as it was under Judge Sirica during Watergate. *United States v. U.S. District Court*, 444 F.2d at 664.

### VII. CVRA Requires Relief for Multiple Victims.

53. When individual victim contact is impractical, 18 U.S.C. § 3771(d)(2) provides the framework for handling cases with multiple victims. The common practice is a multi-victim outreach plan. *United States v. Turner*, 367 F.Supp.2d 319, 328 (E.D.N.Y. 2005) (mail fraud victims); *United States v. BP Products North America, Inc.*, 2008 WL 501321 (S.D.Tex. 2008) (oil spill victims); The Attorney General Guidelines at 49 (multi-victim procedures).

---

Fed.R.Civ.P 66 and governed by the Code of Conduct for U.S. Judges, Compliance with the Code, B. Judges Pro Tempore. The Judicial Conference instructs Receivers are merged into term "Special Master." (July 29, 2021 telephone conversation with Laurina Spolidoro, Asst. General Counsel, Adm. Office of U.S. Courts and Counsel to Judicial Conference). Movant exercises only those powers conferred upon him by the Article III judge (the Visitorial Judge). *Atlantic Trust. Co. v. Chapman*, 208 U.S. 360, 371, 28 S.Ct. 406, 409, 52 L.Ed. 528 (1908). Courts have transformed Receivers for purposes of institutional reform. Sabel and Simon, 117 Harv.L.Rev. at 1016-1017. Receivership is an esoteric field of law, but at bottom, receivers are judicial adjuncts assumes *custodia legis* of an institution refusing to be constitutionally compliant. *Swann v. Chalotte-Mecklenburg Brd of Ed,* 406 U.S. 1, 15-16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971) (receiver is correct condition that offends U.S. Constitution and restore constitutional victims status *quo ante* in the absence of such unconstitutional conduct); *Miliken v. Bradley,* 418 U.S. 717, 746, 94 S.Ct. 3112, 3128, 41 L.Ed.2d 1969 (1974).

54. Petitioner's proposed two-prong plan for the district court's adoption to satisfy 18 U.S.C. § 3771(d)(2) is:

   [1] An Official Crime Victims Committee, analogous to Bankruptcy Code's official creditors' committee, of the Secretaries of State of each of the seven states victimized by TRUMP's Fake Presidential Electors, the U.S. Attorney's Crime Victims coordinator serving as counsel; and

   [2] U.S. Dept. of Justice obey its obligations, 28 U.S.C. § 530B to prosecute TRUMP's co-conspirators' violating 18 U.S.C. § 372 (the *Fulbright* Conspiracy against Petitioner) via the multiple remedies at its disposal. *In re Wild*, 994 F.3d 1244, 1326-1327 (11th Cir. 2021) (Hull, J., dissenting).[5]

## CONCLUSION

55. There is no misinterpreting the law or misapplying the facts, *In re Clinton*, 449 U.S.App.D.C. 354, 361, 973 F.3d 106, 113 (2020), instead the district court confined to its lawful exercise. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2587, 159 L.Ed.2d 459 (2004).

WHEREFORE, Petitioner prays this Court:

(1) Issue its Writ of Mandamus to the court below commanding the district court direct the Deputy Attorney General and Special Counsel to confer with Petitioner no later than close of business **Wednesday, July 17, 2024**, and if concurring with the aforementioned proposed plan, submit the same to the Court forthwith for its due consideration;

---

[5] Although Petitioner's submissions to DOJ are privileged, Fed.R.Crim.P. 16(a)(2), Petitioner attempts to fulfill his obligation under Code of Conduct, Canon 3B(6) cmt requiring "appropriate action" to satisfy "the overarching goal [ ] to prevent harm to those affected and to prevent recurrence." Lodging a complaint is inadequate if it does not lead to a proper resolution. *Id.*

(2) This Petition Motion is heard *ex parte*, *in camera*, and be under seal pending further Court Order, all identifies,[6] be redacted, and Petitioner be granted Leave to proceed without counsel of record solely for filing this petition; and

(3) Such other and additional relief that is just and appropriate.

| | |
|---|---|
| Dated: July 10, 2024 | Respectfully, |
| *Of Counsel* | /s/ Peter J. Wirs |
| Victor A. Young, Esq. | Hon. Peter J. Wirs |
| James C. Sargent, Jr., Esq. | P.O. Box 1776 |
| Greg B. Emmons, Esq. | Philadelphia, PA 19105-1776 |
| Robert A. Creo, Esq. † | 717-584-1776 |
| Samuel C. Stretton, Esq.† | PJWirs@PeterJWirs.com |
| Thomas G. Wilkinson, Jr.,Esq. † | Trustee@LincolnCharitableTrust.org |

## CERTIFICATE OF SERVICE

Petitioner has served the following by electronic mail at the email address provided:

The Honorable Tanya S. Chutkan
U.S. District Court Judge
333 Constitution Avenue, NW
Washington, DC 2000
dcd_cmecf_cr@dcd.uscourts.gov

The Honorable Lisa O. Monaco
Deputy Attorney General
Room 4111, 950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
c/o Andrew J. Bruck, Esq.
Chief of Staff and Associate Deputy Attorney General, Room 4210, RFK
andrew.bruck@usdoj.gov

J.P. Cooney, Esq.
Molly Gulland Gaston, Esq.
Thomas Windom, Esq.

U.S. Attorney's Office for D.C.
555 Fourth Street, NW
Washington, DC 20530
(202) 252-7281
joseph.cooney@usdoj.gov
(202) 252-7803
molly.gaston@usdoj.gov
202-252-7846
thomas.windom@usdoj.gov

John M. Pellettieri, Esq.
Special Counsel's Office
950 Pennsylvania Avenue, NW Rm. B-206
Washington, DC 20530
202-714-3913
john.pellettieri@usdoj.gov

---

[6] Out of an abundance of caution, Code of Conduct Canon 2A, all counsel providing assistance, including those not of record or retained (†), are listed. *Cf.* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 07-446 (2007).