Docket No. 24-3092

# The United States Court of Appeals
## for the District of Columbia Circuit

**In re Sealed Petition of the Honorable Peter J. Wirs
re Motion for Relief under the Crime Victims Relief Act**
in *United States of America v. Donald J. Trump*
1:2023-cr-00257-TSC

### MOTION TO SEAL PETITION FOR WRIT OF MANDAMUS PURSANT TO THE CRIME VICTIMS RELIEF ACT, 18 U.S.C. § 3771(d)(3) FILED JULY 11, 2024

1. Petitioner shows cause why this case should be kept under sealed, in as this Court's six-factor test to keep the case under seal is satisfied, *United States v. Hubbard*, 208 U.S.App.D.C. 423-427, 650 F.2d 293, 317-321 (1980), which instantly, is to prevent disclosure the CVRA Motions explains Petitioner, pursuant to his duties under the Code of Conducd for U.S. Judges, Canon 3B(6), has provided evidentiary documentation to the Justice Dept. per its *U.S. Justice Manual* § 9-110.400 mandatory procedures, which is privileged, Fed.R.Crim.P. 16(a)(2).

2. For the Panel's information, the district court is ignoring the Panel's dicta that the "district court will act promptly," which the district court is prohibited from doing. *Nixon v. Richey*, 168 U.S.App.D.C. 172, 178, 513 F.2d 430, 436 (1975).

3. Petitioner according is constrained to file a new petition based on these new facts.

    **A. Public Access is Not Prejudiced as Documents are Privileged.**

4. The relatively minor factors are easily disposed as follows:

    a. Need for public access to the documents, is negated by privileged, Fed.R.Crim.P.16(a)(2) because the CVRA motions will reveal that Petitioner has and is obligated to continue to provide evidence to the Dept. of Justice per its *Justice Manual* § 9-110.400 requirements.

> Satisfying these mandatory obligations renders Petitioner an agent on the Government's behalf. 42 Opp.Att.Gen. 111, 124 (1962) (Kennedy) ("a person who prepares a [ ] proposal for submission to the Government may properly be considered to be rendering services 'before' a department agency").

    b. Extent of previous public access to documents is negated as there has been no prior access.

    c. That one objected to disclosure is not applicable, as no objections were had.

    d. Possible prejudice to TRUMP is negated in that defendants have no standing in CVRA motions, and whatever documentation Petitioner has provided to Justice is not protected under Fed.R.Crim.P. 16(a)(2) is public records that are easily accessible.

5. Now addressing the two substantive factors:

### B. TRUMP's Co-Conspirator Threats to Petitioner.

6. The strength of property and privacy interests asserted is demonstrated by the fact that Petitioner, his general counsel and his special counsel are continuously in harm's way from TRUMP and his co-conspirators, as the evidence submitted to Justice Dept. conclusively demonstrates.

7. TRUMP and his co-conspirators continue to extort by fear of economic loss, in violation of the Hobbs Act, 18 U.S.C. § 1951, Petitioner, his general counsel, Victor A. Young, of Obermayer Rebmann Maxwell & Hippel LLP; and special counsel, James C. Sargent, Jr, of Lamb McErlane, P.C. and other parties identified in the evidentiary documentation provided to Justice.[1]

---

[1] Trump's principal co-conspirator in this matter, PA Republican Chairman Lawrence Tabas, who is also a partner in Obermayer, is the actor responsible for instigating the Indictment's *Fake Elector* Conspiracy, which Tabas publicly acknowledged, *before* the Nov. 3, 2020 Election. *See* Barton Gellman, What If Trump Refuses to Concede? *The Atlantic* Nov. 2020. Trump is singularly responsible for Tabas achieving his life-long goal to be state GOP Chairman. Chris Brennan, Deal for Pa.

8. One of TRUMP's co-conspirators openly threatened Petitioner in open court on May 25, 2024.

9. The threats against Petitioner also violate 18 U.S.C. § 372, Conspiracy to Impede or Injure a Federal Officer, by what is commonly referred to as a *Fulbright* conspiracy (the filing of false, fictitious and fraudulent legal papers to harass a Federal official). See e.g. *United States v. Fulbright*, 105 F.3d 443 (9th Cir. 1997) *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2016). That Petitioner is a temporary inferior judicial officer is of no moment, for the term "officer" includes both permanent and temporary, full- and part-time officers. 1 Op.L.C. 274, 276 (No. 77-68 - *Conspiracy to Impede or Injure an Officer of the United States, 18 U.S.C. § 372* Dec. 14, 1977).[2]

10. Although possibly unsolicited, Defendant's obsequious co-conspirators engaged in the *Fulbright* conspiracy in furtherance of the broader conspiracy for which Trump is charged, with the objective of ingratiating themselves with him.[3]

---

GOP: Lawrence Tabas new chairman, Bernie Comfort to lead Trump statewide campaign, *Philadelphia Inquirer,* July 12, 2019 which Trump took credit on Twitter (now X). Tabas is known for his "sharp practice," one example involves the scandal-laden construction of a new Phila. Family Court tarnishing two PA Supreme Court justices. Joseph Tanfani, Ex-Justice Sought Fees for Her Son, *Philadelphia Inquirer* Dec. 6 2010.

[2] The legislative history is that the Section was enacted in the Reconstruction Era and intended to protect Federal officers and employees from the Klu Klux Klan. Most reported cases [pre-dating the 1977 opinion] "involved internal revenue agents whose efforts to track down tax-evading operations of illegal stills met with resistance." *Id.* at 275. The fact that a receiver has judicial immunity, *Sindram v. Suda*, 300 U.S.App.D.C. 110, 112, 986 F.2d 1459, 1461 (1993) ("immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function'") and is required to adhere to the Code of Conduct for U.S. Judges further supports this rule.

[3] Defendant's co-conspirators filed 39 false legal papers opposing the mandatory confirmation of the arbitration award, *Democratic Nat. Comm. v. Republican Nat. Comm.*, 2018 WL 7568871 (June 6, 2018, Wirs Arb.) per 9 U.S.C. § 9; *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S.Ct. 1396, 1405, 170 L.Ed.2d

11. The unindicted *Fulbright* Conspiracy was, and continues to be, indispensable for the maintenance and expansion of the *2020 Fake Election* Conspiracy outlined in the Indictment, and evade detection and perpetuate their unlawful activities in violation of e.g., the Civil Rights Act of 1957, 52 U.S.C. § 10101.

12. The last threat against Petitioner was made by another Defendant's co-conspirator May 25, 2023 on the record during a court proceeding.

13. Fed.R.Crim.P. 16(d)(1), citing *Wills v. United States*, 389 U.S. 90, 101, 88 S.Ct. 269, 277, 10 L.Ed.2d 305 (1967) expressly recognizes that "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.

14. The threats against Petitioner is even more pronounced, as Petitioner is terminally ill, a matter of the public record. See *Democratic Nat. Comm. v. Republican Nat. Comm.*, 2018 WL 7568871 *272 (June 6, 2018, Wirs Arb.); His Holiness Pop Francis Announcement, Secretariat of State (Oct. 4, 2016); PA House of Representatives (Oct. 7, 2016); Iowa Gov. Kim Reynolds (May 7, 2018).

15. The threats against Petitioner and his counsel dovetails into the final *Hubbard* factor.

### C. Evoking CVRA Right to be Protected from the Accused.

16. CVRA guarantees Petitioner the right to be protected from the accused. 18 U.S.C. § 3771(a)(1). Disclosing these CVRA proceedings swallows the rule, since revealing Petitioner' providing evidentiary documentation of TRUMP's co-conspirators' acts to the Justice Dept., exponentially increases the harm Petitioner face. Petitioner's personal safety concerns arising from Defendant's co-conspirators' threats outweighs public disclosure until when public interest takes precedence. *Bloch v. Ribar*, 156 F.3d 673, 685-686 (6th Cir. 1988).

---

254 (2008); *Teamsters Local 177 v. UPS*, 966 F.3d 245, 248 (3rd Cir. 2020). The *Fulbright* Conspiracy constitutes a Fraud on the Court, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); obstruction of justice, 18 U.S.C. § 1503 and fraud and false statements, 18 U.S.C. § 1001.

17. Additionally, unsealing the record in disclosing Petitioner's evidentiary submissions to Justice also undermines Petitioner's CVRA Conferral Rights. [18 U.S.C. § 3771(a)(5)](). See *Kansas v. UtiliCorp United, Inc.*, [497 U.S. 199, 216, 110 S.Ct. 2807, 2817](), 111 L.Ed.2d 169 (1990) ("The possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule").

18. Moreover, exposing Petitioner to increased retaliation undermines Petitioner's informant privilege under *Roviaro v. United States*, [353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639]() (1957) which preserves anonymity to encourage witnesses to fulfill their obligation to report crime.

WHEREAS, Petitioner prays this Court finds cause that this case remain under seal to protect Petitioner and others from the accused, which is right provided by CVRA, until such time the U.S. Justice Department can assure Petitioner and others are protected from the accused, or when public interest is required to take precedence, and for such other additional relief as may be just and appropriate.

| | |
|---|---|
| Dated: July 11, 2024 | Respectfully, |
| *Of Counsel*[4] | /s/ Peter J. Wirs |
| Victor A. Young, Esq. | Hon. Peter J. Wirs |
| James C. Sargent, Jr., Esq. | P.O. Box 1776 |
| Greg B. Emmons, Esq. | Philadelphia, PA 19105-1776 |
| Robert A. Creo, Esq. † | 717-584-1776 |
| Samuel C. Stretton, Esq.† | PJWirs@PeterJWirs.com |
| Thomas G. Wilkinson, Jr.,Esq. † | Trustee@LincolnCharitableTrust.org |

---

[4] Out of an abundance of caution, Code of Conduct Canon 2A, all counsel providing assistance, including those not of record or retained (†), are listed. *Cf*. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 07-446 (2007).

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Fed.R.App.P 27(d)(2)(A) excluding the parts of the document exempt by Fed.R.App.P. 32(f) in that this document contains 1402 words; and

This document complies with the typeface requirements of Fed.R.App.P 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(5) in that this document has been prepared in proportionally spaced typeface using Corel WordPerfect® in New Century Schoolbook LT Pro.

# CERTIFICATE OF SERVICE

Petitioner has served the following by electronic mail at the email address provided:

The Honorable Tanya S. Chutkan
U.S. District Court Judge
333 Constitution Avenue, NW
Washington, DC 2000
dcd_cmecf_cr@dcd.uscourts.gov

The Honorable Lisa O. Monaco
Deputy Attorney General
Room 4111, 950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
c/o Andrew J. Bruck, Esq.
Chief of Staff and Associate Deputy Attorney
General, Room 4210, RFK
andrew.bruck@usdoj.gov

J.P. Cooney, Esq.
Molly Gulland Gaston, Esq.
Thomas Windom, Esq.
U.S. Attorney's Office for D.C.

555 Fourth Street, NW
Washington, DC 20530
(202) 252-7281
joseph.cooney@usdoj.gov
(202) 252-7803
molly.gaston@usdoj.gov
202-252-7846
thomas.windom@usdoj.gov

John M. Pellettieri, Esq.
Special Counsel's Office
950 Pennsylvania Avenue, NW Rm. B-206
Washington, DC 20530
202-714-3913
john.pellettieri@usdoj.gov