# The United States Court of Appeals
## for the District of Columbia Circuit

**In re Sealed Petition of the Honorable Peter J. Wirs
re Motion for Relief under the Crime Victims Relief Act**
in *United States of America v. Donald J. Trump*
1:2023-cr-00257-TSC

### AMENDED PETITION FOR WRIT OF MANDAMUS PURSANT TO THE CRIME VICTIMS RELIEF ACT, 18 U.S.C. § 3771(d)(3)

NOW COMES The Honorable Peter J. Wirs, Petitioner pursuant to the Code of Conduct for U.S. Judges, Canons 2A, 3B(6), ("Code of Conduct"); Crime Victims Relief Act ("CVRA"), 18 U.S.C. § 3771(d)(3); Fed.R.Crim.P. 16(d)(1) and 60(b)(2), who respectfully petitions this Court for Writ of Mandamus for assertion of CVRA rights under 18 U.S.C. § 3771(a), and in support thereof, avers as follows:

1. Petitioner has the absolutely clear and indisputable right to enforce CVRA rights by filing a motion pursuant to 18 U.S.C. § 3771(d)(3) and Fed.R.Civ.P. 60(b)(2), which by violating Fed.R.Crim.P 57, the district court enforces an unwritten practice inconsistent with statutes or Federal Rules —adjudicating whether to grant leave to file a CVRA motion — and which violates victims' right to proceedings free from unreasonable delay, 18 U.S.C. § 3771(a)(7), among other CVRA rights.

### I. The Facts.
### A. The Original Procedural History.

2. In a prior Petition on this matter, docketed at 24-3083, this Court stated, albeit in dictum, "that the district court will act as promptly as its docket permits," June 27, 2024 Slip op. ¶ 3. The following day, the Supreme Court handed down *Trump v. United States*, 603 U.S. \_\_\_, [1444 S,Ct,2312](), \_\_L.Ed.2d \_\_ (2024) ("*Trump II*") and remanded jurisdiction.

3. Petitioner proceeds to file an amended CVRA motion Monday, July 8, 2024, incorporating by reference the original April 2, 2024 and Amended June 13, 2014 CVRA Motions.

4. Petitioner then personally calls upon the District Court Clerk ("Clerk") later on Monday July 8 to confirm the Motion is docketed.

5. The Clerk instructs Petitioner that it is the (unwritten) practice that judges must grant leave for non-parties to file motion in a criminal proceeding.

6. The Clerk obligates Petitioner by confirming the CVRA motion was referred to Chambers via email at 11:27 AM, Monday, July 8, to establish the "clock" under 18 U.S.C. § 3771(d)(3). But as of Thursday, July 10, 2024 no response.

*B. The New Developments.*

7. Subsequently, after consultation with multiple Federal D.C. Bar members, it was ascertained that this "Leave of Court to File a CVRA Motion" has not been effectuated by any other District Court Judge.

8. In fact, a CVRA motion was filed without obtaining Leave of Court as late as May, 28, 2024 in *United States v. Sutton*, 1-21-cr-00549-PLF (ECF No. 546), less than two months after Petitioner filed his initial April 2, 2024 CVRA motion.

9. CVRA movant's counsel advised Petitioner that at no time was he required to seek Leave of Court to file his May 28, 2024 CVRA Motion.

10. Another CVRA movant's counsel, now at Baker Hostetler, likewise confirmed that she was never required to seek Leave of Court to file her CVRA Motion.

11. The fact Judge Freidman proceeds to consider (and grant in part) a CVRA motion, without first requiring Leave of Court, but that Judge Chatkun requires Leave of Court to File; leaves Petitioner the impression that Judge Chatkun is requiring such procedure by reason of the enormous notoriety surrounding the Trump case.

12. Petitioner asked the District Court clerk via July 18, 2024 email to confirm that this is case, but the District Court clerk refused to answer the question.

## II. Petitioner's Clear and Indisputable Right for CVRA Relief.

13. This Court reiterated in no uncertain terms that crime victims have rights per CVRA which the district court has corresponding duty to enforce. *United States v. Monzel*, 395 U.S.App.D.C. 162, 168, 641 F.3d 528, 534, (2011).

### A. District Court Violates Fed.R.Crim.P. 57.

14. The district court's contention that leave is required for non-parties to file motions is soundly rejected in *United States v. Thompson*, 2022 WL 841178 (W.D. Wash. March 21, 2022), the court stating the obvious logic that "that the CVRA explicitly authorizes victims to file motions in the district court to assert their rights, see 18 U.S.C. §§ 3771(d)(1), (3)."

15. As repeatedly asserted, CVRA "vests standing to vindicate their rights as victims under the CVRA [ ] in the judicial context of the pending criminal prosecution. *United States v. Rubin*, 558 F.Supp.2d 411, 417 (E.D.N.Y. 2008).

16. There is no authority a local court rule, standing order can contravene the Federal Rules of Criminal Procedure, specifically Fed.R.Crim.P. 60(b)(1)-(2) and (4) or Congressional statute, instantly CVRA. 18 U.S.C. §§ 3771(d)(3).

17. To the contrary, Fed.R.Crim.P. 57 expressly prohibits a judge from regulating practice not in a matter consistent with governing law, the Federal Rules of Criminal Procedure or the duly adopted local district court rules.

18. That it is so well-settled that local practice cannot contradict Federal Rules or statute requires no citation of decisional authority.

## *III. Sanction or Security? Still No Bar for CVRA Relief.*
### *A. Interests of Justice Does Not Rise to Upset CVRA.*

19. No one disputes, but instead commends the District Court in assuring measures necessary to safeguard integrity of court proceedings. *United States v. Trump*, ___F.Supp.3d ___, 2023 WL 6818589 (Oct. 17, 2023).

3

20. A court must take such steps by rule and regulation that will protect its "processes from prejudicial outside interferences," *Sheppard v. Maxwell*, 384 U.S. 333, 363, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600 (1966) and "protect [its] institutional integrity and to guard against abuses of the judicial process." *Ali v. Tolbert*, 394 U.S.App.D.C. 325, 330, 636 F.3d 622, 627 (2011)

21. But there is absolutely no authority saying victims seeking CVRA relief is "outside interference" or an "abuse of the judicial process."

### *C. Sanctions Cannot be Imposed for Filing CVRA Motion.*

22. The reality is the district court's "Leave of Court to File" imposition is a sanction in everything but name only.

23. Alternatively, due to the case' notoriety, the "Leave of Court to File" mandate is a security measure required by the Administrator of U.S. Courts, the USMS, or the court itself, under i.e., The Daniel Anderl Judicial Security and Privacy Act of 2022, 28 U.S.C. § 604(a)(22).

24. If a court-imposed sanction, due process requires notice and an opportunity to be heard before the district court imposes sanctions. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir.1999). The District Court is required to inform Petitioner "the source of authority for the sanctions." *Id*.

25. In filing a CVRA Motion, does Petitioner violate 28 U.S.C. § 1927? Since when is does a CVRA motion to enforce Conferral Rights become unreasonable or vexatious? Why is a proposal to provide the court with a Multi-Victim plan under 18 U.S.C. § 3771(d)(2) not legally or factually plausible?

26. Alternatively, if the "Leave of Court to File" is a 28 U.S.C. § 604(a)(22) security measure, the District Court is obliged to establish a "reasonable alternative" for hearing a CVRA motion, as required under the *Waller* four-prong criteria. *United States v. Smith*, 426 F.3d 567, 571-574 (2d Cir. 2005) applying Waller v. Georgia, 467 U.S. 39, 45, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984).

### *D. District Court Does Not Exercise Restraint or Discretion.*

27. Notwithstanding decision to impose sanctions is uniquely within the district court's province, such must be exercised with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed2d 27 (1991).

28. However, the District Court does not identify, because it cannot, how seeking Leave of Court to file a CVRA motion is "an appropriate sanction for conduct which abuses the judicial process." *Id.* 501 U.S. at 44-45, 111 S.Ct. at 2133.

29. Alternatively, under *Waller*, the District Court is required to assure whatever security measures are undertaken, such do not violate the Sixth Amendment by being "broader than necessary to protect" the court. *Smith*, 462 F.3d at 571.

### *E. Leave of Court to File Sanction Patently Violates CVRA.*

30. The "Leave of Court to File" mandate violates three express CVRA provisions, the forthwith requirement, 18 U.S.C. § 3771(d)(3), victims be treated fairly and with respect, and proceedings be free from delay. 18 U.S.C. § 3771(a)(7)(8).

31. In deference to this Court's understanding the first two CVRA provisions are self-evident, this Petition focuses on the right proceedings be free from delay.

32. The Supreme Court "kicked the can" back to the District Court. Special Counsel has to rebut the presumption of immunity, 144 S.Ct. at 2337, 2339, conceding the "analysis [ ] must be fact specific and may prove challenging. 144 S.Ct. at 2340.

33. What the District Court (and the Government) fails to understand, is Petitioner is to preside over parallel arbitration proceedings which will substantially assist the District Court. *Cf. Reed v. Cleveland Bd. of Ed.*, 607 F.2d 737, 747 (6th Cir. 1979) ("use of masters is permitted because they improve the judicial process by bringing to the court skills and experience which courts frequently lack").[1]

---

[1] As noted, Petitioner, as Art. III inferior officer, *Trinh v. Fineman*, 9 F.4th 235, 238 (3d Cir. 2021), is a Judge Pro Tempore, *Isidor Painwonsky Assoc. Inc. v. Sharp*

34. If Judge William Caldwell (M.D.Pa.) found appropriate Petitioner's expertise, such recognized in *Marque's Who' Who*, why would not Judge Chutkin?

35. It is worth reiterating Jerome Frank's admonition in *Perkins v. Endicott Johnson Corp.*, 128 F.2d 208, 221 (2nd Cir. 1942) that:

    "that judges and lawyers should "recognize [their] inferiority to those who are specialists, possessed of trained intuition [because] the value of the specialist is that dealing with a selected area of experience, he is able to make inferences quickly [and] with more accuracy."

36. But to access this expertise, the Government must arrest Defendant's ongoing conspiracy of frustrating its prosecution which violates 28 CFR § 600.4(a) (Special Counsel's jurisdiction includes investigating Federal crimes committed in the course of, and with the intent to interfere, with Special Counsel); specifically, impeding or injuring Federal officers, 18 U.S.C. § 372, which Trump and his co-conspirators are perpetrating to interfere with the prosecution.

37. But as repeatedly asserted, the Government is not aware of this remedy due the ongoing violation of CVRA Conferral Rights, 18 U.S.C. § 3771(a)(5), which the Court is duty-bound to enforce. *In re Dean*, 527 F.2d 391, 395 (5th Cir. 2009).

---

*Properties*, 1990 WL 303427 *4 (D.C.V.I. April 6, 1990), specifically a receiver under Fed.R.Civ.P 66 and governed by the Code of Conduct for U.S. Judges, Compliance with the Code, B. Judges Pro Tempore. The Judicial Conference instructs Receivers are merged into term "Special Master." (July 29, 2021 telephone conversation with Laurina Spolidoro, Asst. General Counsel, Adm. Office of U.S. Courts and Counsel to Judicial Conference). Petitioner exercises only those powers conferred upon him by the Article III judge (the Visitorial Judge). *Atlantic Trust. Co. v. Chapman*, 208 U.S. 360, 371, 28 S.Ct. 406, 409, 52 L.Ed. 528 (1908). Courts have transformed Receivers for purposes of institutional reform. Sabel and Simon, 117 Harv.L.Rev. at 1016-1017. Receivership is an esoteric field of law, but at bottom, receivers are judicial adjuncts assumes *custodia legis* of an institution refusing to be constitutionally compliant. *Swann v. Chalotte-Mecklenburg Brd of Ed,* 406 U.S. 1, 15-16, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554 (1971) (receiver is correct condition that offends U.S. Constitution and restore constitutional victims status *quo ante* in the absence of such unconstitutional conduct); *Miliken v. Bradley,* 418 U.S. 717, 746, 94 S.Ct. 3112, 3128, 41 L.Ed.2d 1969 (1974).

38. CVRA Conferral rights are to "be read in light of one of the CVRA's primary purposes: to give victims a meaningful voice in the prosecution process [which assures] the integrity of a criminal prosecution is stronger [when] the prosecutor [knows of victims views] before making a major decision" *United States v. Stevens*, 289 F.Supp.3d 417, 421-423 (D.Conn. 2017).

### F. District Court Violates 18 U.S.C. § 3771(d)(3) and *Dickerman*.

39. Petitioner reiterates "Forthwith" means action which is immediate, without delay, prompt, and with reasonable dispatch. *City of New York v. McAllister Bros., Inc.*, 278 F.2d 708, 710 (2d Cir. 1960) citing citing *Dickerman v. Northern Trust Co.*, 176 U.S. 181, 93, 20 S.Ct. 311, 315, 44 L.Ed. 423 (1900) ("forthwith" in matters of practice and pleading is usually construed as within 24 hours and means immediately without delay or as soon as the object may be accomplished).

40. "In both normal and legal parlance, the word 'immediate' means '[o]ccurring without delay.'" *Citadel Securities LLC v. SEC*, 458 U.S.App.D.C. 268, 277, 45 F.4th 27, 36 (2022) (WALKER, RAO, JJ, and SENTELLE, Sr. J.).

### G. District Court Ignores and Disobeys the Opinion.

41. Although the prior Panel elected to assert its authority via dictum that the district court would comply with 18 U.S.C. § 3771(d)(3) at the appropriate time, the District Court is ignoring the Panel's opinion. This the district court cannot do. *Nixon v. Richey*, 168 U.S.App.D.C. 172, 178, 513 F.2d 430, 436 (1975):

> "Manifestly, [the district court judge] was obligated to abide any decision we might render on the petition for mandamus. "(A) lower court is bound to respect the mandate of an appellate tribunal; "it "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of (the) court deciding the case." That we did not issue a writ of mandamus is beside the point. Our opinion set forth our views, the courses we held indicated, and why we deemed a writ unnecessary." (Footnotes omitted).

### III. The Critical Emergency Why CVRA Relief Must be Enforced.

42. There are two critical factors which renders this matter, not a run-of-the mill consideration, but an immediate emergency requiring upmost priority:

    [1] The District Court cannot inadvertently favor Defendant by interfering with the Government's prosecution, by ignoring Defendant's ongoing criminal conduct that interferes with the Government's prosecution.

    [2] The District Court must enforce protection of voters' constitutional rights, as loss of First Amendment rights constitutes immediate and irreparable injury.

**A. District Court Cannot Ignore Defendant's Criminal Interference.**

43. Even the Supreme Court acknowledges the Government's belief that to satisfy its burden of proof, the Government must show the jury "an integrated picture" of Defendant's misconduct. 144 S.Ct. at 2340-2341. Moreover, in furtherance of the First Amendment, the Government repeatedly asserts the public's right for disposition of the criminal case *before* November 5, 2024, Election Day. 2023 WL 8542963 at *9.

44. But what the District Court (and even the Government) fails to understand is:

    [1] The Indictment's Conspiracy is but a subsidiary of a Master Conspiracy to rig elections by ongoing voter suppression, because one political party is violating the Nation's interest in the stability of our political system. *Timmons v. Twin Cities Area Party*, 520 U.S. 351, 366-367, 117 S.Ct. 1364, 1374, 137 L.Ed.2d 589 (1997).[2]

---

[2] And see also *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 107, 110 S.Ct. 2729, 2754, 111 L.Ed.2d 52 (1990) (Scalia, J., dissenting) ("The stabilizing effects of such a [two-party] system are obvious"); *Davis v. Bandemer,* 478 U.S. 109, 144–145, 106 S.Ct. 2797, 2816–2817, 92 L.Ed.2d 85 (1986) (O'Connor, J., concurring) *abrogated on other grounds by Rucho v. Common Cause* 588 U.S. 684, 139 S.Ct. 2484, 204 L.Ed.2d 931 (2019) ("There can be little doubt that the emergence of a strong and stable two-party system in this country has contributed enormously to sound and

[2] The Defendant is acquiescing to, if not directly commanding, two of his co-conspirators to impede and injure Petitioner by a corresponding "*Fulbright*" conspiracy in violation of 18 U.S.C. § 372,[3] in furtherance of Defendant's objective to interfere with the Special Counsel's investigation and prosecution of Defendant.[4] Cf. 28 CFR § 600.4(a).

45. There is no justification for the District Court to ignore its CVRA obligation to assure victims be "reasonably protected from the accused," 18 U.S.C. § 3771(a)(1), to prevent the Defendant from violating his prerelease conditions with ongoing criminal activity — Defendant's intent to deliberate frustrate the Special Counsel through intimidation of witnesses and concealment of material facts that the Government needs to satisfy its burden of proof.

46. The District Court cannot avoid its duty under 18 U.S.C. § 3771(a)(1) by refusing to hear the CVRA motion.[5]

---

effective government"); *Branti v. Finkel*, 445 U.S. 507, 532, 100 S.Ct. 1287, 1301, 63 L.Ed.2d 574 (1980) (Powell, J., dissenting) ("Broad-based political parties supply an essential coherence and flexibility to the American political scene").

[3] A "*Fulbright*" conspiracy is filing false, fictitious and fraudulent legal documents against a victim in furtherance of misuse and abuse of process.

[4] This interference is demonstrated by the fact Indictment misplaces the origin of the Fake Presidential Elector scheme, alleging in "early December 2020, [Defendant] and co-conspirators *developed a new plan* to marshal individuals [to be fake Presidential electors]" Indictment at ¶ 53 (Emphasis added). The facts are to the contrary, as the Fake Presidential Elector plan, *as publicly admitted*, was conceived by another of Defendant's co-conspirators, PA State Republican boss Lawrence Tabas, in or before August 2020 and in all probability, transmitted to the Defendant by another co-conspirator, Michael Roman, a Philadelphia political operative, a known Tabas subordinate. Tabas masterminding the *Fulbright* conspiracy against Petitioner.

[5] *Cf.* Jennifer Sheppard, *Once upon a Time, Happily Ever After, and in a Galaxy Far, Far Away: Using Narrative to Fill the Cognitive Gap Left By Overreliance on Pure Logic in Appellate Briefs and Motion Memoranda*, 46 WILLAMETTE L. REV. 255, 263-264 (2009) (rule based analysis is not sufficient when the underlying issues are not

### *B. District Court Cannot Ignore the 300 lb Gorilla in the Courtroom.*

47. "It is the historic role of the Judiciary [ ] in periods of crisis, when the challenge to constitutional freedoms is the greatest, the Constitution remains the supreme law." *United States v. U.S. District Court*, 444 F.2d 651, 664 (6th Cir. 1971).

48. Because this Court' scarce resources precludes a detailed (but time-consuming) analysis, Petitioner, in the interest of judicial economy, incorporates by reference as part of this Amended Petition, the detailed analysis by U.S. District Judge William E. Smith in *A.C. v. Raimondo*, 494 F.Supp.3d 170, 176-181 (D.R.I. 2020), as being one Federal judge willing to say in public, what other judges obviously are saying in private.

49. Petitioner also draws this Court's attention to the Government's own expert on this matter, Public Integrity Section's Richard C. Pilger, in *Federal Prosecution of Election Offenses* 2 (8th ed, 2017) that "when election crime exists, public corruption is also usually present driven by a motive to control governmental power for some corrupt purpose" (cleaned up).

50. Election crimes warrants "prompt and effective redress." *Federal Prosecution of Election Offenses* at 50. *Raimondo* demonstrates such threats. 494 F.Supp.3d at 176. The district court is duty-bound today, as it was under Judge Sirica during Watergate. *United States v. U.S. District Court*, 444 F.2d at 664.

### IV. CVRA Conferral Rights are Mandatory, Not Directory.

51. Petitioner does not waive the points of law made in prior submissions CVRA guarantees victims the reasonable right to confer with the prosecutor, 18 U.S.C. § 3771(a)(5),which applies to any critical stage or disposition. *United States v. Heaton*, 458 F.Supp.2d 1271, 1273 (D. Utah 2006).

---

understood within one's common experience).

52. The Conferral Right is intertwined with the Right to be treated with fairness and dignity. 18 U.S.C. § 3771(a)(8). Conferral Rights "is a victim's only avenue to exercising" all other CVRA rights. Lauren K. Cook, *A Victim's Right to Confer Under the Crime Victim's Rights Act*, 43 CAMPBELL L. REV. 543, 559 (2021) (citations omitted).

53. Likewise, Petitioner does not waive the points of law made in prior submissions of his own obligation under Code of Conduct, Canon 3B(6) cmt requiring "appropriate action" to satisfy "the overarching goal [ ] to prevent harm to those affected and to prevent recurrence." Lodging a complaint is inadequate if it does not lead to a proper resolution. *Id.*

## CONCLUSION

54. There is no misinterpreting the law or misapplying the facts, *In re Clinton*, 449 U.S.App.D.C. 354, 361, 973 F.3d 106, 113 (2020), instead the district court must be confined to its lawful exercise. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2587, 159 L.Ed.2d 459 (2004).

WHEREFORE, Petitioner prays this Court:

(1) Issue its Writ of Mandamus to the court below commanding the district court to hear Petitioner's CVRA Motion forthwith as required by 18 U.S.C. § 3771(d)(3);

(2) This Petition Motion is heard *ex parte*, *in camera*, and be under seal pending further Court Order, all identifies,[6] be redacted, and Petitioner be granted Leave to proceed without counsel of record solely for filing this petition; and

(3) Such other and additional relief that is just and appropriate.

---

[6] Out of an abundance of caution, Code of Conduct Canon 2A, all counsel providing assistance, including those not of record or retained (†), are listed. *Cf.* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 07-446 (2007).

| | |
|---|---|
| Dated: July 19, 2024<br>*Of Counsel*<br>Victor A. Young, Esq.<br>James C. Sargent, Jr., Esq.<br>Greg B. Emmons, Esq.<br>Robert A. Creo, Esq. †<br>Samuel C. Stretton, Esq.†<br>Thomas G. Wilkinson, Jr.,Esq. † | Respectfully,<br>/s/ Peter J. Wirs<br>Hon. Peter J. Wirs<br>P.O. Box 1776<br>Philadelphia, PA 19105-1776<br>717-584-1776<br>PJWirs@PeterJWirs.com<br>Trustee@LincolnCharitableTrust.org |

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Fed.R.App.P 27(d)(2)(A) excluding the parts of the document exempt by Fed.R.App.P. 32(f) in that this document contains 3506 words; and complies with the typeface requirements of Fed.R.App.P 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(5) in that this document has been prepared in proportionally spaced typeface using Corel WordPerfect® in New Century Schoolbook LT Pro.

## CERTIFICATE OF SERVICE

Petitioner has served the following by electronic mail at the email address provided:

| | |
|---|---|
| The Honorable Tanya S. Chutkan<br>U.S. District Court Judge<br>333 Constitution Avenue, NW<br>Washington, DC 2000<br>dcd_cmecf_cr@dcd.uscourts.gov<br><br>The Honorable Lisa O. Monaco<br>Deputy Attorney General<br>Room 4111, 950 Pennsylvania Ave, N.W.<br>Washington, D.C. 20530-0001<br>c/o Andrew J. Bruck, Esq.<br>Chief of Staff and Associate Deputy Attorney General, Room 4210, RFK<br>andrew.bruck@usdoj.gov<br><br>J.P. Cooney, Esq.<br>Molly Gulland Gaston, Esq. | Thomas Windom, Esq.<br>U.S. Attorney's Office for D.C.<br>555 Fourth Street, NW<br>Washington, DC 20530<br>(202) 252-7281<br>joseph.cooney@usdoj.gov<br>(202) 252-7803<br>molly.gaston@usdoj.gov<br>202-252-7846<br>thomas.windom@usdoj.gov<br><br>John M. Pellettieri, Esq.<br>Special Counsel's Office<br>950 Pennsylvania Avenue, NW Rm. B-206<br>Washington, DC 20530<br>202-714-3913<br>john.pellettieri@usdoj.gov |